UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL JEROME HATCHETT,<br>    Petitioner,<br>v.<br>KEN CLARK,<br>    Respondent. | Case No. 24-cv-03246-KAW<br><br>**ORDER REQUIRING PETITIONER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED** *IN FORMA PAUPERIS*<br><br>Re: Dkt. No. 8 |

Petitioner, a prisoner at Mule Creek State Prison, filed this *pro se* petition in the Eastern District of California for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his sentence in Monterey County Superior Court. The case was transferred to this district. The petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner is granted leave to proceed *in forma pauperis*. ECF 8.

**BACKGROUND**

According to the petition, petitioner was convicted of sodomy on an inmate and sentenced to 55 years to life in Monterey County Superior Court in 2003 in case number SS990255. ECF 1 at 1.

The California Court of Appeal in petitioner's second appeal explained that he was originally sentenced in or around the year 2000, after a bench trial, to five consecutive terms of 50 years to life and a five-year serious-felony enhancement. *People v. Hatchett*, No. H024371, 2003 WL 21008765, at *1 (Cal. Ct. App. May 6, 2003). After his first appeal, the California Court of Appeal remanded his case for resentencing in 2001 because the trial court erred in imposing multiple indeterminate life terms. *Id.* On remand, the trial court resentenced petitioner to five

1  concurrent indeterminate terms of 50 years to life (as well as a shorter concurrent term) and a five-
2  year enhancement for a total of 55 years to life.  *Id.*  Petitioner appealed again.  On May 6, 2003,
3  the California Court of Appeal upheld petitioner's new sentence and modified the judgment to
4  include the restitution and required AIDS testing originally imposed by the trial court.

   Petitioner appears to have filed numerous habeas petitions in both state and federal court in the years since 2003.  On February 8, 2016, for example, another judge in this district dismissed a prior petition challenging the 2003 resentencing as untimely.  *Hatchett v. Gonzalez*, No. C 15-2959 WHA (PR), 2016 WL 467461, at *1 (N.D. Cal. Feb. 8, 2016).  The court noted that petitioner filed a state habeas petition in 2015 which was denied by the California Supreme Court prior to the Northern District filing.

   In the instant petition, petitioner alleges that "the court at sentencing could have given petitioner 15 to life or 55 to life" and "opted for the higher 55 to life term based on petitioner's classification score of some 288 points" and 48 rules violations by the year 2000, which petitioner alleges were falsely procured.  ECF 1 at 7-8.  Petitioner alleges that his due process rights were violated, and he was subjected to entrapment.  *Id.* at 5, 8.

## DISCUSSION

### A. Standard of Review

This court may entertain a petition for writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

### B. Analysis

The petition appears to be untimely as well as second or successive.  Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which:  (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by

unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Petitioner's conviction became final on June 12, 2003, and any state habeas petitions he filed after expiration of the limitations period would not have entitled him to any tolling. *See* 2016 WL 467461 at *1. Petitioner has not identified any impediment to filing that was removed, any new retroactive constitutional right, or any new facts.

The petition also appears to be second or successive. 28 U.S.C. § 2244(b) prohibits the filing of a second or successive petition unless it is a claim that was not included in the prior petition because it relies on a new retroactive constitutional law, or the factual predicate for the claim could not have previously been discovered and the new facts demonstrate that the petitioner is innocent. In addition, authorization from the court of appeals is required for a federal district court to consider a second or successive petition. 28 U.S.C. § 2244(b)(3). Petitioner has not identified any grounds for a second or successive petition, nor received authorization from the Ninth Circuit.

**C.      Order to Show Cause**

Accordingly, the Court orders petitioner to show cause, within **twenty-eight (28) days** of the date of this order, why his petition for a writ of habeas corpus should not be DISMISSED as untimely pursuant to 28 U.S.C. § 2244(d)(1) and/or second or successive pursuant to § 2244(b). If petitioner does not respond within the given time or cannot demonstrate that his petition is both timely and not barred as second or successive, the case will be referred to a district court judge with the recommendation that it be dismissed.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1.      Petitioner's request to proceed *in forma pauperis* is granted. ECF 8.

2.      Within **twenty-eight (28) days** of the date of this order, petitioner shall show cause why his petition for a writ of habeas corpus should not be DISMISSED either for failure to

3

1  exhaust state court remedies as required by 28 U.S.C. § 2254(b), and/or as untimely pursuant to 28
2  U.S.C. § 2244(d)(1).
3      This order terminates docket number 8.
4      IT IS SO ORDERED.
5  Dated: July 31, 2024

_____
KANDIS A. WESTMORE
United States Magistrate Judge