UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL JEROME HATCHETT,<br>　　　　　Petitioner,<br>　　v.<br>KEN CLARK,<br>　　　　　Respondent. | Case No. 24-cv-03246-JD<br><br>**ORDER RE DISMISSAL** |

Cecil Hatchett, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Hatchett was convicted in Monterey County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). Hatchett was ordered to show cause why the petition should not be dismissed as untimely or successive. He timely filed a response.

## BACKGROUND

Hatchett was found guilty of committing sodomy and forcible oral copulation against another prisoner and possession of a deadly weapon. *People v. Hatchett*, No. H024371, 2003 WL 21008765, at *1 (Cal. Ct. App. May 6, 2003). Hatchett's first state appeal was granted in part and the case was remanded for resentencing. On remand, Hatchett was sentenced to five concurrent indeterminate terms of 50 years to life. *Id.* In 2003, the California Court of Appeal affirmed the appeal of the resentencing. *Id.* In 2015, Hatchett filed a federal habeas petition challenging this conviction, that was denied as untimely. *See Hatchett v. Soto*, Case No. 15-cv-2959 WHA (N.D. Cal. Feb. 8, 2016).

## DISCUSSION

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed . . ." 28 U.S.C. § 2244(b)(2). This is the case unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In this petition, Hatchett argues that he was improperly sentenced by the superior court. Hatchett presents a claim regarding the same underlying conviction that was presented in the prior federal petition. Yet, he has not demonstrated that the Ninth Circuit authorized a successive petition. The petition is dismissed but Hatchett may refile the petition if he receives permission from the Ninth Circuit.

## CONCLUSION

The petition is dismissed without prejudice and a certificate of appealability is denied. The Clerk is requested to close this case.

**IT IS SO ORDERED.**

Dated: September 23, 2024

_____
JAMES DONATO
United States District Judge